Filed 7/2/13  P. v. Lane CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B244995 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA393879) |
| RANDY LANE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Stephen A. Marcus, Judge.  Affirmed.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On February 2, 2012, Randy Lane sold rock cocaine base to a police informant. He was charged with possession of cocaine base for sale, a violation of Health and Safety Code section 11351.5,[1] count 1, and sale/transportation/offer for sale of a controlled substance, a violation of section 11352, subdivision (a), count 2. It was further alleged he had suffered two prior convictions within the meaning of section 11370.2, subdivision (a) and three prior felony convictions within the meaning of Penal Code section 667.5, subdivision (b).

Following advisement of his rights and the consequences of entering a guilty plea, Lane pleaded no contest to count 2. The trial court found the plea was factually supported and knowing, intelligent and voluntary. It dismissed the remaining count and special allegations and, consistent with the plea agreement, sentenced Lane to the midterm of four years in county jail (§ 11352, subd. (a)); Pen. Code, § 1170, subd. (h)(2)), awarded 300 days good conduct credit, and ordered him to pay a restitution fine of $400 (Pen. Code, § 1202.4, subd. (b)), a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), a $30 conviction assessment (Gov. Code, § 70373), and a $50 lab fee (§ 11372.5) and to provide biological samples (Pen. Code, § 296, subd. (a)(1)) and register as a narcotics offender (§ 11590, subd. (a)).

Defendant timely appealed, basing his appeal on the sentence and other matters occurring after the plea that do not affect the validity of the plea. We appointed counsel to represent him on appeal. After examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On April 4, 2013, we sent letters to defendant and appointed counsel, directing counsel to immediately forward the appellate record to defendant and advising defendant that within 30 days he could personally submit any contentions or issues that he wished us to consider. To date, defendant has not responded.

---

[1] Undesignated statutory references will be to the Health and Safety Code.

Defendant's guilty plea and failure to obtain a certificate of probable cause limit the potential scope of defendant's appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5." (Cal. Rules of Court, rule 8.304(b); see Pen. Code, § 1237.5.) We have examined the entire record and have found that no arguable issues of any sort exist. We are satisfied that defendant's appointed counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


CHANEY, J.

We concur:


ROTHSCHILD, Acting P. J.


JOHNSON, J.

3